IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MARY ANN KLINE,

    Plaintiff,

    v.

BROOKDALE ASSISTED LIVING *et al*,

    Defendants.

Case No. 1:24-cv-00696-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge.

    Plaintiff Mary Ann Kline, a self-represented litigant, seeks to proceed *in forma pauperis* ("IFP") in this action against two named defendants. For the reasons below, this action is dismissed without prejudice and with leave to file a First Amended Complaint within thirty (30) days. Plaintiff's IFP application (#2) will be held in abeyance and reconsidered with the First Amended Complaint, if one is filed.

## DISCUSSION

    Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1).

Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

Here, the Court has reviewed Plaintiff's IFP paperwork and finds she is unable to pay the costs and fees associated with the filing; thus meeting the first determination. However, as currently pled, the Complaint fails to state a claim for relief. Plaintiff's Complaint (#1) is not complete. While Plaintiff lists two defendants, it is unclear whether she means to name Brookdale Assisted Living ("BAL") as an entity defendant, or whether she means to name the administrator at BAL, Amanda Randolf as an individual defendant. Additionally, it is unclear which claims Plaintiff intends to assert against which defendants. Defendant Robert W. Hague, Jr. appears to have no specific factual allegations made against him, other than that he "conspired" against the Plaintiff. The second determination is therefore not met.

Finally, the Court cautions Plaintiff that if she choses to file a First Amended Complaint, she should follow the standard for stating a claim in federal court: A complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct.

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

Therefore, if Plaintiff amends her complaint, she should clearly state what specific and wrongful actions were taken by each defendant, such that Plaintiff is entitled to relief that can be granted by the Court.

## ORDER

Plaintiff's Complaint is dismissed without prejudice and with leave to file an Amended Complaint within thirty (30) days. If Plaintiff fails to file an Amended Complaint, or fails to cure the deficiencies identified above, the case will be terminated. Plaintiff's IFP application will be held in abeyance and reconsidered along with the Amended Complaint, if any.

DATED this __31st__ day of May, 2024.

                                                 /s/ Mark Clarke
                                        MARK D. CLARKE
                                        United States Magistrate Judge